IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-03099-01/02-CR-S-ODS |
| | ) | |
| KIRBY JOHNSON and | ) | |
| CORY JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER OVERRULING OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING DEFENDANTS' MOTIONS TO DISMISS**

On January 18, 2011, Defendant Kirby Johnson ("Kirby") filed a Motion to Suppress. Defendant Cory Johnson ("Cory") joined in the motion on March 31, 2011. The Honorable James C. England, United States Magistrate Judge for this District, held a hearing on April 22, 2011. Kirby filed a Supplemental Motion to Dismiss based on the evidence adduced at the hearing. On May 10, Judge England issued his Report and Recommendation that the motions to dismiss be denied. Kirby filed Objections to the Report and Recommendation. The Court has reviewed the Record *de novo*, including the Transcript of the April 22 hearing and the parties' written arguments. Having done so, the Court overrules Kirby's objections, adopts the Report and Recommendation as the Order of the Court, and denies the motions to suppress.

An extensive discussion is not required in light of the Report's thoroughness. The Court finds Patricia Franklin was the manager of an apartment complex and, in that capacity, was inspecting an apartment leased by Cynthia Johnson on March 10, 2010. The inspection was permitted by the lease and was designed to replace smoke alarm batteries and search for insects and other infestations and examine the general condition of the apartment. Franklin observed a baggie of marijuana on the floor in the kitchen. While walking down the steps into the basement, she knocked over a box that had been sitting on the stairs. The contents of the box came out or were otherwise in

view, and Franklin saw a scale, a white brick (which proved to be cocaine), and a baggie containing marijuana.  Kirby specifically objects to the finding that Franklin saw the white brick, but the Court finds her testimony to be credible.  Franklin then called the police and reported that she saw drugs in the box.  Kirby objects to this finding as well, contending Franklin only told the police about the marijuana.  However, the Court credits Franklin's testimony that she said there were "a lot of drugs" in the box and did not limit her description to marijuana.

This leads, then, to the legal conclusions.  There is no dispute that Franklin was a private actor and was not acting at the behest of law enforcement officers.  She found the box with drugs and called the police.  The Fourth Amendment does not apply to conduct of this sort, and individuals always face the risk that information or material they want kept private will instead be delivered by other individuals to agents of the government.  See generally United States v. Jacobsen, 466 U.S. 109, 115-17 (1984).  In this case, Franklin saw the contents of the box, identified the contents of the box to law enforcement, and (essentially) turned the box over to police custody.  The police did not look in other boxes, nor did it look in the box any further than Franklin did herself.  In this respect the case is distinguishable from United States v. Rouse; in that case, the police searched the defendant's suitcase beyond the point necessary to replicate the private individual's search and reveal the evidence discovered by the private individual. 148 F.3d 1040, 1041 (8th Cir. 1998).

Even if the officers' search exceeded the scope of Franklin's, the cocaine need not be suppressed.  The Court finds, by a preponderance of the evidence, that "(1) there is a reasonable probability the evidence would have been discovered by lawful means in the absence of [alleged] police misconduct, and (2) the government was actively pursuing a substantial, alternative line of investigation at the time of the [alleged] constitutional violation."  United States v. Munoz, 590 F.3d 916, 923 (8th Cir. 2010).  The police lawfully obtained marijuana from two places in the apartment: in the kitchen and from the box.  The Court finds the police would have sought and obtained a warrant based on this discovery because the Record demonstrates this is exactly what they did.  The warrant was issued after the cocaine was found, but the

2

police would have obtained a warrant to search the apartment and its contents (including the box) even without the cocaine.  Thus, assuming the pre-warrant search of the entire box was improper the cocaine would have been lawfully discovered eventually and it need not be suppressed.

IT IS SO ORDERED.

                                    /s/ Ortrie D. Smith
                                    ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 15, 2011               UNITED STATES DISTRICT COURT